UNITED STATES of America

v.

**Carl CABRERA, Defendant.**

**No. 77 Cr. 376 (CMM).**

United States District Court,
S. D. New York.

Nov. 17, 1977.

Robert B. Fiske, Jr., U. S. Atty., for the Southern District of New York, New York City, for the United States; Richard A. Mescon, Thomas E. Engel, New York City, of counsel.

Chester L. Mirsky, New York City, for defendant.

METZNER, District Judge:

Defendant Cabrera is charged by indictment with criminal contempt of court. He refused to testify in the case of *United States v. Scudiero,* 77 Cr. 135, after being granted immunity by order of this court. He intends to testify in his defense to the contempt charge, and seeks an order limiting cross-examination by the government.

Cabrera was named as a defendant in the *Scudiero* indictment as an accessory after the fact to the killing of an undercover informant on March 5, 1974. Four co-defendants were charged with conspiracy to violate the informant's civil rights (18 U.S.C. § 241). During the course of that trial, several of the government witnesses testified that Cabrera was present in the bar and grill when the incident took place.

The government severed Cabrera from that trial just before its opening and requested that he be released without bail although he had been lodged in jail up to that time for inability to make bail. During the trial the events took place which lead up to this indictment. First, the government served a subpoena ad testificandum on Cabrera which was met by a motion to quash based on an assertion of the fifth amendment privilege. When the claim of privilege was upheld, the government requested an order granting Cabrera immunity. The order was granted but Cabrera persisted in his refusal to testify.

Cabrera's defense to the contempt charge is duress and coercion. He requests a ruling that after he testifies on direct examination he may not be cross-examined as to the events which occurred on March 5, 1974. Counsel has represented that he will not touch on those events on direct examination, and therefore argues that they would be beyond the permissible scope of cross-examination. Fed.R.Evid. 611(b).

In addition to calling Cabrera to testify as to any threats that had been made to him, the defense is also calling as witnesses Salvato, Vasquez and Rosado, who testified for the government in the original trial. They will be asked on direct examination as to what happened on the night of March 5, 1974. In an attempt to further protect Cabrera, defense counsel has stated that he will not ask these witnesses if Cabrera was present at the time.

The government strongly objects to any limitation on its cross-examination going to Cabrera's presence in the bar and grill that night. It argues that his presence or absence is clearly material to the truth or falsity of claims that threats had been made to Cabrera, as well as to the reasonableness of his fear of injury. I agree with the government that these are essential facts to the integrity of the defense, *United States v. Housand,* 550 F.2d 818 (2d Cir. 1977), and would be proper areas of cross-examination.

It is clear that defendant is in a "Catch 22" situation. I assume that in testifying, the defendant will be giving evidence adverse to the threateners; otherwise there could be no basis for defendant's fear. Assuming that the threats are still "viable," he is in danger if he testifies. In the original trial, defendant Santos was convicted with a specific finding that death did not result from his participation in any conspiracy. The judgment of conviction is now on appeal to the Second Circuit. Scudiero himself was a fugitive up to a few months ago, and was severed from the original trial. He is alleged to be the one who actually fired the shots and his trial is now scheduled for November 28, 1977.

If, as the result of an adverse ruling here, Cabrera refuses to testify in his own trial, he will not be able to raise the defense of coercion since he is the only one able to testify as to the alleged threats. In such event, he faces conviction. He urges that it is unfair to place him in this position because he is prevented from raising his defense. He requests the court to balance the equities and permit the limitation of cross-examination.

It is impossible to grant the request. A possible murderer may go free, and another may have escaped life imprisonment because of the lack of defendant's testimony. At the same time defendant may go free without punishment because of the inability to fully test the defense of coercion.

 In view of the strong policy that anyone who has knowledge of a crime has a duty to give testimony to aid in the enforcement of the law,[1] *Piemonte v. United States,* 367 U.S. 556, 559 n.2, 81 S.Ct. 1720, 6 L.Ed.2d 1028 (1961), and what appears to be a strong policy of narrowly limiting the defense of coercion in these cases, *see Housand, supra; United States v. Patrick,* 542 F.2d 381 (7th Cir. 1976), the court must deny the application to limit the government's cross-examination.

So ordered.

---

1. Counsel has previously argued at a hearing on May 13, 1977, that defendant's testimony was merely cumulative and therefore not necessary. The weight and value to be given to his testimony are different from the other government witnesses. Unlike those witnesses, his counsel has portrayed him as a man with no record, a stable family man, and an upright law-abiding citizen. Testimony from such a witness might result in a conviction which would include a finding that death did result from the conspiracy charged in the original indictment.